**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CEDRIC MINOR**                                                                    **PETITIONER**

**v.**                                                                    **No. 4:22CV125-JMV**

**MARSHALL TURNER, ET AL.**                                                                    **RESPONDENTS**

**ORDER FOR PLAINTIFF TO *SHOW CAUSE* WHY HIS CLAIMS
REGARDING THE TAKING OF HIS BELONGINGS AND DENIAL
OF ACCESS TO THE COURTS SHOULD NOT BE DISMISSED
FOR FAILURE TO STATE A CONSTITUTIONAL CLAIM**

This matter comes before the court, *sua sponte*, for consideration of dismissal of two claims and the defendants involved only in those claims. The plaintiff filed this suit challenging the conditions of his confinement under 42 U.S.C. § 1983, claiming the taking of his property without due process, denial of access to the courts, and failure to protect from attack by other inmates. For the reasons set forth below, the plaintiff must show cause why his claim regarding the taking of his belongings without due process of law – and his related claim regarding the confiscation and loss of his legal papers – should not be dismissed for failure to state a claim upon which relief could be granted. The plaintiff's remaining claim (failure to protect) will, however, proceed.

**Taking of Property Without Due Process of Law**

The plaintiff claims that the defendants confiscated his personal belongings (including legal papers for ongoing litigation) and did not return them. The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, the *Parratt/Hudson* doctrine, provides "that no constitutional claim

may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional

conduct of public officials, unless the state procedures under which those officials acted are

unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct."

*Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533,

*Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial

question before the court as to the plaintiff's claim regarding the taking of his property is whether

Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the

Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April

1, 1993. As to suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting and within the course scope of
> their employment or duties shall not be liable for any claim:
>
> . . .
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention
> center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of
> whether such claimant is or is not an inmate of any detention center, jail, workhouse,
> penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies

the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property

arises directly from the Constitution of the State of Mississippi, which cannot be circumvented

through a state statute. *Pickering v. Langston Law Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The

unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the

State of Mississippi. *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85

So.3d 307 (Miss.App.,2012). Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due
> compensation being first made to the owner or owners thereof, in a manner to be
> prescribed by law; and whenever an attempt is made to take private property for a use

> alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in *Johnson* are legally indistinguishable from those in the instant case. The prison officials in that case confiscated Johnson's drinking mug and disposed of it. *Johnson v. King*, 85 So.3d 307, 311-312 (Miss. App. 2012). He had purchased the mug from the canteen with his own money. *Id*. The mug as purchased was not considered contraband, and Johnson had not modified the mug in such a way to turn it into contraband. *Id*. The Mississippi Court of Appeals held that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for the fair value of the mug. *Id*. Those facts mirror those in the present case. As such, the plaintiff in this case has an adequate remedy under state law, and it appears that his claims for the taking of his property without due process of law must be dismissed.

### Denial of Access to the Courts

The plaintiff also alleges that the defendants' loss of his legal papers caused the dismissal of his state application for post-conviction collateral relief. He claims the loss resulted in a denial of access his to the courts. Inmates have the right of adequate, effective, and meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (abrogated on other grounds by *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996)). However, this requirement is limited – and does not encompass a right of unconditional access to legal materials. *Campbell v. Miller,* 787 F.2d 217, 226 (7th Cir.), *cert. denied,* 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986). The constitutional standard is meaningful, not unlimited, access. *Id*. Further, if an inmate is afforded meaningful access to the courts, restrictions which do not unreasonably impair that access are valid, despite delays and inconvenience. *Campbell v. Miller,* 787 F.2d 226-27. A claimant asserting denial of access to the courts must demonstrate an actual injury

stemming from the defendants' unconstitutional conduct. *Lewis v. Casey,* 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir. 1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips,* 169 F.3d 313 (5th Cir. 1999).

In this case, however, the plaintiff alleges only that the defendants lost his legal materials when he was moved to a new facility, an allegation sounding in negligence. Section 1983, however, imposes liability only for deprivations of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston,* 899 F.2d 1427, 1435 (5th Cir.1990); *see, also, Daniels v. Williams,* 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986) (inmate slipped on pillow left on stairs). As the plaintiff's allegations regarding the loss of his legal materials rise only to the level of negligence, it appears that his claims against defendants Timothy Morris and Lee Simon regarding denial of access to the courts should be dismissed. In addition, it appears that defendants Morris and Simon should be dismissed with prejudice from this case, as the plaintiff's claims against them involve only the loss of his property and legal materials.

## Conclusion

For the reasons set forth above, the plaintiff is **ORDERED**  to **SHOW CAUSE** within 21 days why his allegations regarding the loss of his property and denial of access to the courts should not be dismissed with prejudice for failure to state a claim upon which relief could be granted. Further, as the plaintiff alleges that defendants Timothy Morris and Lee Simon were involved only in these two allegations, he must show, within 21 days, why these two defendants should not be dismissed with prejudice from this case. The plaintiff's allegation that the defendant Marshall Turner

failed to protect him from attack by other inmates will proceed.[1]

      **SO ORDERED**, this, the 12th day of January, 2023.

/s/  Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[1] As the plaintiff's allegations were clear, the court need not hold a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) (court may hold a hearing to better understand *pro se* plaintiff's allegations).