IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CEDRIC MINOR**                                                                                    **PETITIONER**

**v.**                                                         **No. 4:22CV125-JMV**

**MARSHALL TURNER, ET AL.**                                               **RESPONDENTS**

**ORDER FINDING THAT THE PLAINTIFF HAS
SHOWN CAUSE WHY HIS CASE SHOULD NOT
BE DISMISSED AS UNTIMELY FILED AT THIS TIME AND ON THIS RECORD**

*Pro se* prisoner plaintiff Cedric Minor alleges that the defendants confiscated his belongings and did not return them. Further, he alleges that his legal work for his state application for post-conviction collateral relief was among the confiscated items, and the defendants' failure to return that legal work to him caused the application to be dismissed as untimely. In addition, he alleges that, in the wake of his cell mate's suicide, one defendant told other inmates that the plaintiff had killed his cell mate – and that various defendants failed to protect him from attack by other inmates who were seeking retribution for his cell mate's death.

### Statute of Limitations

On August 30, 2022, the court issued an order requiring the plaintiff to show cause why this case should not be dismissed because it appeared to be filed beyond the applicable statute of limitations. The plaintiff's allegations occurred on or near December 27, 2018 (for the claim regarding the suicide of his cell mate), January 3, 2019 (for the claim regarding failure to protect him from attack), and January 22, 2019 (for the claim regarding loss of his property). He filed the instant suit with the court on April 25, 2022. The instant case is proceeding under 42 U.S.C. § 1983, which borrows the forum state's general personal injury limitations period, *Owens v. Okure*, 488 U.S. 235, 249 (1989), which is three years in Mississippi. *See* Miss. Code Ann. § 15-1-49. The statute begins to

run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992).

In this case, absent tolling, the relevant statute of limitations for the claim regarding the suicide of the plaintiff's cell mate appears to have expired on or near December 27, 2021; the statute for the claim regarding failure to protect on January 3, 2022, and the statute for the claim regarding loss of property on January 22, 2022. It is unclear when the statute regarding denial of access to the courts expired, as the plaintiff did not provide the date his application for state post-conviction relief was ultimately rejected.

Under the "prison mailbox rule," a prisoner's federal complaint is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998) (relying on *Houston v. Lack* and its progeny). In this case, the plaintiff signed the complaint on April 8, 2022, and it was stamped by the prison inmate mail services on April 20, 2022. Thus, under the mailbox rule, the instant suit is deemed filed, at the earliest, on April 8, 2022.

**Tolling**

Federal courts also adopt the forum state's statute of limitations tolling principles. *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008) ("Just as we borrow the forum state's statute of limitations for § 1983 purposes, we borrow also the state's tolling principles.") Under Mississippi law:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law.

Miss. Code Ann. § 15-1-59 (1995). "The term 'unsound mind,' when used in any statute in reference to persons, shall include idiots, lunatics, and persons non compos mentis." Miss. Code Ann. § 1-3-57

(1972). The tolling provision of Miss. Code Ann. § 15-1-59 does not require an adjudication of mental disability. *Rockwell v. Preferred Risk Mut. Ins. Co.*, 710 So.2d 388 (Miss. 1998.) Thus, if the plaintiff can show (as he seems to infer) that he was of unsound mind for a period prior to the expiration of the statute of limitations, then the court must toll the limitations period during that time.

In addition, the limitations period is tolled during the pendency of any prison grievances regarding the issues in a prisoner case proceeding under 42 U.S.C. § 1983. *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001). As the Mississippi Department of Corrections grievance process may take up to 90 days, the limitations period on the plaintiff's claims could have been tolled during that time, pushing the expiration of the deadlines to file his claims to approximately March 28, 2022, April 4, 2022, and April 22, 2022. That would place the first claim within two weeks of the filing deadline, the second claim within four days – and would render the remaining claim timely. The actual duration of the grievance process for each claim is not apparent in the record. The issue of timeliness is a close one; the information available is incomplete, and even a small period of tolling would render the complaint timely. As such, the court will not resolve the timeliness of this case in a summary fashion on the present record.

**Conclusion**

For the reasons set forth above, the plaintiff has shown cause why the case should not be dismissed at this time, on this record, as untimely filed. His claims will thus proceed.

**SO ORDERED**, this, the 12th day of January, 2023.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

- 3 -