IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CEDRIC MINOR**                                                                             **PETITIONER**

**v.**                              **No. 4:22CV125-JMV**

**MARSHALL TURNER, ET AL.**                                       **RESPONDENTS**

**ORDER DISMISSING PLAINTIFF'S CLAIMS
REGARDING THE LOSS OF HIS PROPERTY AND
DENIAL OF ACCESS TO THE COURTS**

This matter comes before the court, *sua sponte*, on consideration of dismissal of the plaintiff's claims regarding the loss of his property and denial of access to the courts – and dismissal of the defendants involved only in those claims. The plaintiff filed this suit challenging the conditions of his confinement under 42 U.S.C. § 1983, claiming the taking of his property without due process, denial of access to the courts, and failure to protect him from attack by other inmates. After reviewing the plaintiff's allegations, the court previously ordered him to show cause why his claim regarding the taking of his belongings (including legal papers) without due process of law – and his related claim of denial of access to the courts arising out of the loss of his legal papers – should not be dismissed for failure to state a constitutional claim. The plaintiff has responded to the show cause order, and the matter is ripe for resolution. For the reasons set forth below, the court finds that the plaintiff has not shown cause, and these allegations and defendants will be dismissed with prejudice from this case for failure to state a claim upon which relief could be granted. [1]

---

[1] The plaintiff's remaining claim (failure to protect) is proceeding.

**Taking of Property Without Due Process of Law**

The plaintiff claims that the defendants confiscated his personal belongings (including legal papers for ongoing litigation) and, due to the plaintiff's relocation, lost them. The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, the *Parratt/Hudson* doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial question before the court as to the plaintiff's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993. As to suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting and within the course scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m).

At first blush, this statute would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston Law Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the State of Mississippi. *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss.App.,2012). Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in *Johnson* are legally indistinguishable from those in the instant case. The prison officials in that case confiscated Johnson's drinking mug and disposed of it. *Johnson v. King*, 85 So.3d 307, 311-312 (Miss. App. 2012). He had purchased the mug from the canteen with his own money. *Id*. The mug as purchased was not considered contraband, and Johnson had not modified it in such a way to turn it into contraband. *Id*. The Mississippi Court of Appeals held that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for the fair value of the mug. *Id*. The facts in *Johnson* mirror those in the present case. As such, the plaintiff in this case has an adequate remedy under state law, and it appears that his claims for the taking of his property without due process of law must be dismissed.

### Denial of Access to the Courts

The plaintiff also alleges that the defendants' loss of his legal papers caused the dismissal

of his state application for post-conviction collateral relief. He alleges that the loss resulted in a denial of his access to the courts. Inmates have the right of adequate, effective, and meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (abrogated on other grounds by *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996)). However, this requirement is limited – and does not encompass a right of unconditional access to legal materials. *Campbell v. Miller,* 787 F.2d 217, 226 (7th Cir.), *cert. denied,* 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986). The constitutional standard is meaningful, not unlimited, access. *Id*. Further, if an inmate is afforded meaningful access to the courts, restrictions which do not unreasonably impair that access are valid, despite delays and inconvenience. *Campbell v. Miller,* 787 F.2d 226-27. A claimant asserting denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey,* 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir. 1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips,* 169 F.3d 313 (5th Cir. 1999).

In this case, however, the plaintiff alleges only that the defendants lost his legal materials when he was moved to a new facility, an allegation sounding in negligence. Section 1983, however, imposes liability only for deprivations of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston,* 899 F.2d 1427, 1435 (5th Cir.1990); *see, also, Daniels v. Williams,* 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986) (inmate slipped on pillow left on stairs).

This rule holds true regarding claims of denial of access to the courts. A *pro se* prisoner plaintiff may state a claim for denial of access to the courts when prison officials *intentionally*

withhold or delay mail sent to the courts, where the plaintiff also alleges that the intentional delay of legal mail damaged his legal position. *Jackson v. Procunier,* 789 F.2d 307 (5th Cir.1986). Mere negligent conduct does not meet the standard for liability under section 1983, even if that conduct causes harm to a prisoner's legal position. *Id.*

In this case, the plaintiff alleges that the defendants' loss of his legal materials caused the dismissal of his state application for post-conviction collateral relief – an allegation of actual prejudice to his legal position. However, as these allegations rise only to the level of negligence, his claims against defendants Timothy Morris and Lee Simon regarding denial of access to the courts must nonetheless be dismissed.

## Conclusion

In sum, the plaintiff's allegations regarding loss of his property and denial of access to the courts fail to state a claim upon which relief could be granted, and these claims are **DISMISSED** with prejudice. In addition, defendants Morris and Simon are **DISMISSED** with prejudice from this case, as the plaintiff's allegations against them involve only the loss of his property and legal materials, neither of which state a valid claim for relief under 42 U.S.C. § 1983.

**SO ORDERED**, this, the 15th day of May, 2023.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE